IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RAY EDWARD BROOKINS,** ) <br> **ID #1645763** ) <br>           **Petitioner,** ) <br> **vs.** ) <br> ) <br> **BRAD COLLIER, Executive Director,** ) <br> **Texas Department of Criminal Justice,** ) <br>           **Respondent.** ) | No. 3:17-CV-3476-L (BH) <br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**I. BACKGROUND**

Ray Edward Brookins (Petitioner), an inmate in the Texas Department of Criminal Justice (TDCJ) Estes Unit in Johnson County, Texas, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 that was received on December 22, 2017 (doc. 3). He names Brad Collier, Executive Director of the TDCJ as the respondent (Respondent).

On April 23, 2016, Petitioner was convicted of an improper relationship between an educator and student and sentenced to 10 years' imprisonment in Cause No. 07-04-04842 in the 143rd Judicial District Court of Ward County, Texas. (Doc. 3 at 2.) The judgment was affirmed on appeal. *Brookins v. State*, No. 08-10-00243-CR, 2011 WL 6382531 (Tex. App. – El Paso, Dec. 14, 2011). His petition for discretionary review was refused. *Brookins v. State*, No. PD-0104-12 (Tex. Crim. App. Apr. 18, 2012). His state application for writ of habeas corpus was denied. *Ex parte Brookins*, No. 82,003-01 (Tex. Crim. App. Sept. 24, 2014). He filed a § 2254 habeas petition that challenged the April 1, 2014 denial of release to mandatory supervision, and that petition was denied. *Brookins v. Stephens*, No.

4:14-CV-939-A (N.D. Tex. Dec. 22, 2015). He now asserts that he was erroneously released on mandatory supervision on October 26, 2016, his release was revoked on December 15, 2016, and his motion to reopen the revocation hearing was denied on March 6, 2017. (Docs. 3 at 6, 9; 4 at 3, 14, 15.)

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present the claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented the claims he raises in his federal petition to the Court of Criminal Appeals.[1] He did not file a state habeas corpus application after the mandatory supervision release and revocation. *See* www.txcourts.gov (search for Petitioner). The Court of Criminal Appeals

---

[1] Because he challenges a mandatory supervision release and revocation that occurred after his previous § 2254 case, the petition is not successive. *See Johnson v. Johnson*, 211 F.3d 593 (5th Cir. 2000).

has therefore not had an opportunity to review the claims raised in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is not entitled to habeas corpus relief for failure to exhaust his state remedies.

## III. RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 4th day of January, 2018.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE